Dear Mayor Edwards:
In recent correspondence sent to this office, you relate that the Town of Sarepta's appointee to the North Webster Parish Industrial District Board has also been appointed to fill a vacancy in the membership of the town's board of alderman. You ask this office to advise you whether the law permits both positions to be held concurrently.
Our analysis of the Dual Officeholding and Dual Employment Law, R.S.42:61, et seq., leads us to conclude that one holding the position of elected alderman for the Town of Sarepta may not also serve as the Town of Sarepta's appointee to the North Webster Parish Industrial District Board.
The facts reflect that Mr. Jeff Slack was appointed to the North Webster Parish Industrial District Board under the authority of R.S.39:551.5, which vests appointing authority for one of the memberships with the board of aldermen for the Town of Sarepta. The cited statute provides, in pertinent part:
 A. The North Webster Parish Industrial District is hereby created as a political subdivision of the state and its territorial limits and jurisdiction shall extend throughout Ward Two of Webster Parish as said ward is constituted on the effective date of this Section.
 B. The governing authority of the district shall be a board of commissioners consisting of seven members, two of whom shall be appointed by the governing authority of the city of Springhill, one each to be appointed by the governing authorities of the municipalities of Cullen, Sarepta, Shogaloo and Cotton Valley, and one to be appointed by the governing authority of the parish of Webster. All members shall be bona fide residents and qualified *Page 2 
voters within the limits of the district during their term of office and shall serve at the pleasure of the appointing authority.
R.S. 42:64 prohibits dual officeholding or employment where the incumbent of one office appoints the incumbent of the other office. R.S. 42:64(A)(1) provides, in part:
 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers.
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. . . . . . .
R.S. 42:64(A)(1) would operate to prohibit any elected or appointed[1]
member of the Town of Sarepta's board of aldermen from appointing themselves to a board over which the "parent" board retains appointive power. Mr. Slack, in holding the position of alderman, becomes part of the appointing authority empowered by R.S. 39:551.5 to appoint qualified persons to a position on the North Webster Parish Industrial District Board. As alderman, he is subject to the limitations imposed by R.S.42:64(A)(1), which prevent him from serving in an office over which he, as alderman, shares appointive power.
The prohibition of R.S. 42:64(A)(1) is made no less applicable by the factual circumstance that Mr. Slack did not serve as alderman at the time of his appointment to the industrial district board. The prohibitions of R.S. 42:64(A)(1) are appropriately analyzed in terms of the office itself and not the specific individual who happens to occupy the position at any particular point in time; accordingly, the fact that he was appointed to the board (in conjunction with other aldermen) by another alderman whose position he now holds is of no relevance.
Further, the exception of R.S. 42:64(A)(1), which permits local governing bodies to appoint themselves to boards and commissions created by them, is *Page 3 
inapplicable here. The North Webster Parish Industrial District Board is a creature of the legislature under R.S. 39:551.5 and is not a creature of the municipality.
Note that the Town of Sarepta exercises appointing authority over only one position on the North Webster Parish Industrial District Board. Mr. Slack is not, by virtue of holding office as alderman, prohibited from holding membership on the Board where he holds a position on the Board over which he exercises no appointive authority as alderman. He may holdanother position on the Board, which by statute is appointed by the governing authorities of the municipalities of Springhill, Cullen, Shongaloo or Cotton Valley, or by the governing authority of Webster Parish.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT July 21, 2004 OPINION 04-196 77 — Officers 71 — Municipalties
The appointed chief of police filling an elected position until a special election shall not have a reduction in the compensation during the term being filled.
 Mayor Odis Key P.O. Box 309 Gibsland, La 71028
Dear Mayor Key:
This office is in receipt of your request for an opinion of the Attorney General in regard to the salary for an interim chief of police. The elected chief of police recently died and an interim chief was appointed to fill the position until a special election is set.
You ask whether the board of aldermen can set wages, or how do you go about setting the wages?
This office observed in Atty. Gen. Op. 02-0027 that the chief of police was an elected position, despite the fact that he had originally retained the office via appointment to fill a vacancy. Accordingly, it was concluded because the office is an elected position, R.S. 33:404.1
dictates that "the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected." It was then stated as follows:
 The prohibition against the reduction in compensation protects those who occupy this elected office. See Attorney General Opinion 98-483. The appointment of an individual to fill the position on an interim basis does not change the protection and benefits afforded one who occupies this elected position.
It was further observed that the board of aldermen could by ordinance reduce the compensation of a newly elected chief of police, if such action is taken prior to the beginning of a new term.
As noted hereinabove, this office stated in Atty. Gen. Op. 98-483 as follows: *Page 2 
 Accordingly, you may not reduce the compensation of the individual appointed to fill the vacancy. He serves as chief of police for the remainder of the elected term contemplated by R.S. 33:404.1, notwithstanding the fact that his actual tenure is shorter than a regular term. The prohibition against reduction in compensation protects those who occupy this elected office; the appointment of an individual to fill the position on an interim basis does not change the protection and benefits afforded one who occupied this elected position.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General
 CCF/bbr *Page 1 
 ATTACHMENT December 3, 1993 OPINION NUMBER 93-781 78 OFFICERS-Dual Office holding R.S. 42:62(3); R.S. 42:62(4); R.S. 42:63(D) (E) R.S. 42:64(5) (6)
The Dual Officeholding and Dual Employment Law prohibits the simultaneous holding of state full-time employment and local elective office.
 Mr. Darren N. Guin Department of Health and Hospitals State of Louisiana P. 0. Box 34100 Shreveport, LA 71130-9904
Dear Mr. Guin:
This office is in receipt of your opinion request, and the same has been assigned to me for research and response. You raise the following issue for our resolution:
 May an individual concurrently hold full-time state employment and local elective office?
Factually, you state that you are employed with the Louisiana Department of Health and Hospitals on a full-time basis. You further relate that you have been offerred an appointment to fill a vacant position on the Board of Aldermen, the local governing body of the Town of Mooringsport, Louisiana. You inquire whether you may legally accept the appointment, in light of your present employment.
An appropriate analysis of this issue requires review of the Dual Officeholding and Dual Employment laws of the state, LSA-R.S. 42:61, et.seq. The prohibitions are contained within LSA-R.S. 42:63; applicable herein is 42:63(D), which provides in part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added). *Page 2 
Further reference is made to pertinent sections of LSA-R.S. 42:62. "Employment" is defined therein as:
 . . . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. LSA-R.S. 42:62(3). 
"Political subdivision" is defined as:
 . . . . a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . . LSA-R.S. 42:62(9).
"Full-time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S. 42:62(4). "Part-time" means less than the number of hours of work defined as full-time. LSA-R.S. 42:62(5).
The position of alderman is an elective office in a political subdivision of the state. You hold full-time employment with a state agency. Based on LSA-R.S. 42:63(D) quoted above, this office is of the opinion that the law prohibits you from simultaneously holding both positions. The fact that your appointment to the board of aldermen is prompted by a vacancy and is of a temporary nature does not change the status of the position as local elective office, nor does it change our conclusion.
Should you have other inquiries in which we may be of assistance, please contact this office.
 Very truly yours,
 RICHARD P. IEYOUB
 Attorney General
 BY: __________________________
 Kerry L. Kilpatrick
 Assistant Attorney General
 RPI/KLK/0286E
[1] Note that one who is appointed to fill a vacancy in the membership of the board of aldermen still holds "elective office" for purposes of dual officeholding. See Opinions 04-0196 and 93-781.